UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYRON N. CRISDON, : | |
| Plaintiff, : | CIVIL NO. 1:11-02087(NLH/KMW) |
| v. : | |
| CITY OF CAMDEN, : | OPINION |
| Defendant. : | |

**APPEARANCES**

Myron N. Crisdon
531 N. 7th Street
Camden, New Jersey 08102
*Appearing pro se*

Stuart W. Jay, Esq.
Taylor & Jay, LLC
20 East Centre Street
Woodbury, New Jersey 08096
*Attorney for Defendant, City of Camden*

**HILLMAN, District Judge**

Plaintiff Myron Crisdon brought the instant action against Defendant City of Camden after his alleged false arrest during a traffic stop. (Pl.'s Compl. [Doc. No. 1] 1.) On this basis, Plaintiff claims that he suffered a deprivation of his liberty, in violation of his Fourteenth Amendment rights. (Pl.'s Compl. 1.) He seeks redress under 42 U.S.C. § 1983. (Pl.'s Compl. 2.) Defendant contends that Plaintiff's claim is time-barred under the applicable statute of limitations, and has therefore filed the instant motion to dismiss.

For the reasons expressed below, Defendant's motion is granted.

## I. JURISDICTION

Plaintiff, appearing pro se, brings this complaint under 42 U.S.C. § 1983, alleging a violation of his Fourteenth Amendment rights. As such, this Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[1]

## II. BACKGROUND

### A. Facts

On March 21, 2009,[2] Plaintiff Myron Crisdon was pulled over by an unnamed Camden police officer in the vicinity of Louis

---

1. "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

2. The date of the event, while not indicated within the text of the complaint, is gleaned from an exhibit that Plaintiff attached to his Complaint. (Pl.'s Compl. 13.)  The exhibit in question, a "General Inquiry Report of the New Jersey Automated Traffic System," indicates that the traffic stop and subsequent arrest occurred on March 21, 2009.  (Id.)
   Because Plaintiff (1) attached this exhibit to his complaint, and (2) the exhibit is a matter of public record, the Court may consider it without converting this motion to dismiss into a motion for summary judgment. Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (recognizing that "[i]n evaluating a motion to dismiss, [the court] may consider documents that are attached to or submitted with the complaint, ... and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case'" without converting the motion to dismiss into one for summary judgment).  See infra for further discussion.

Street and Mechanic Street.  (Pl.'s Compl. 2.)   At that time, Plaintiff produced his license, registration, and insurance.  (Id.)   After attempting to verify Plaintiff's identity, the police officer returned and informed Plaintiff that there were warrants out for his arrest based on prior violations, and that his driver's license was either suspended or had never been issued.   (Id.)   Despite Plaintiff's protestations to the contrary, he was arrested by the officer.   (Id.)   Upon entering the patrol car, Plaintiff noticed that it was his brother's picture on the patrol car's dashboard computer screen, and not his own.   (Id.)   Plaintiff alleges that he was held for approximately three hours, charged with several offenses, released on his own recognizance, and was scheduled for a March 30, 2009 court appearance.   (Id.)

   Plaintiff appeared in Camden Municipal Court on March 30, 2009 to contest the charges against him.  (Id. at 2, 10.)   During his court appearance, Plaintiff explained that his now-deceased brother had used Plaintiff's ID[3] in the past, and that Plaintiff's arrest was based on a case of mistaken identity. (Id. at 2.)   The municipal prosecutor agreed, and dismissed the charges against him.   (Id. at 2, 10.)

---

3.  Plaintiff uses the terms "State I.D." and "driver's license" interchangeably throughout the body of his complaint.  It is unclear from the complaint exactly what form of Plaintiff's identification his brother previously used.

3

**B. Procedural History**

Plaintiff's complaint and his application to proceed <u>in forma pauperis</u> were received by the Clerk of the Court on April 4, 2011.  The Court granted Plaintiff's application on August 18, 2011, and directed that the complaint be filed.  (Order [Doc. No. 3] 1, Aug. 18, 2011.)  On August 17, 2011, Defendant moved to dismiss the complaint on the grounds that Plaintiff submitted his complaint after the expiration of the applicable statute of limitations.  (Def.'s Mot. to Dismiss [Doc. No. 2] 5.)  Plaintiff contested the motion to dismiss, and filed a cross-motion for summary judgment on August 29, 2011.  (Pl.'s Mot. For Summ. J. [Doc. No. 6] 1.)

**III. <u>DISCUSSION</u>**

**A. Standard of Review for Motion to Dismiss**

Presently before the Court is Defendant's motion to dismiss. A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under 12(b)(6), "the District Court must accept the plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor." <u>Mann v. Brenner</u>, 375 F. App'x 232, 235 (3d Cir. 2010) (citing <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008)).

The Supreme Court clarified the Rule 12(b)(6) standard in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007).  In order to

4

survive a 12(b)(6) motion to dismiss, a complaint must state a plausible ground for entitlement to relief.  Id. at 555-56.  A pleading which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a Rule 12(b)(6) motion to dismiss.  Id. at 555.  In order to survive such a motion, the pleading "requires a 'showing'... of entitlement to relief," sufficient to "raise a right to relief above the speculative level."  Id. at 555.  See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (explaining that the aforementioned pleading standard applies to "all civil actions").

In light of these standards, the Third Circuit has articulated a two-part analysis when assessing a motion to dismiss for failure to state a claim.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  First, the District Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Id. at 210-11 (citing Iqbal).  Second, the District Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "This 'plausibility' determination will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1949).  Stated

5

differently, a plaintiff "must do more than allege [his] entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. at 211 (citing Phillips, 515 F.3d at 234-35).

Generally, when considering a motion to dismiss, the Court may not consider "matters extraneous to the pleadings." In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment." Id. at 1426 (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Such documents include "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). A plaintiff may not avoid a motion to dismiss simply by "failing to attach or explicitly cite" texts or documents integral to or on which the claim is based. Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

In evaluating a Rule 12(b)(6) motion, the defendant bears the burden of showing that no claim has been presented. Kehr

Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

### B. Statute of Limitations for § 1983 False Arrest Claims

Defendant contends that the applicable statute of limitations for a false arrest claim has expired, and thus Defendant moved under Rule 12(b)(6) to dismiss Plaintiff's claim as time-barred.  (Def.'s Mot. to Dismiss [Doc. No. 2] 5.)  As a general matter, Federal Rule of Civil Procedure 12(b) does not permit a defendant to raise a statute of limitations defense by way of motion, but rather requires the defendant raise this defense by way of answer.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).  However, "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Id. (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)); c.f. Cain v. Dep't of Public Welfare, 442 F. App'x 638 (3d Cir. 2011) (affirming the district court's sua sponte dismissal of plaintiff's complaint under 28 U.S.C. § 1915(e) and finding that the district court was "entitled to reach the limitations question because it was obvious from the complaint and required no factual development").

In ruling on Defendant's motion to dismiss based on the

7

expiration of the statute of limitations, the Court must first determine: (1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of action; and (4) when the statute began to accrue for Plaintiff's claim.

### 1. Statute of Limitations

Although "Section 1983 provides a federal cause of action, [] in several respects [] federal law looks to the law of the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387 (2007). One such circumstance where state law governs is ascertaining the length of the statute of limitations. Id. at 387. The length of the statute of limitations for actions brought under Section 1983 "is that which the State provides for personal-injury torts." Id. at 387 (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)).

The Third Circuit has held that "New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to a civil rights claim under § 1983." Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In order to prevent his claim from being time-barred under N.J.S.A. 2A:14-2,[4]

---

4. N.J.S.A. 2A:14-2(a) provides in relevant part: "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State *shall be*

8

Plaintiff must have brought this action within the two-year statutory period from the date his claim accrued.

### 2. Accrual of Plaintiff's Claim

While the applicable statute of limitations is determined by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). "[T]he standard rule [is] that [accrual occurs] when the plaintiff has 'a complete and present cause of action.'" Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (quoting Rawlings v. Ray, 312 U.S. 96, 98 (1941)).

A claim for false arrest, "covers [] only [] the time of detention until the issuance of process or arraignment, and not more." Montgomery, 159 F.3d at 126 (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). See also Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); Alexander v. Fletcher, 367 F. App'x 289, 290-91 (3d Cir. 2010) (affirming the district court's conclusion that a Section 1983 false arrest claim began to accrue on the date of arrest). Therefore,

---

*commenced within 2 years* next after the cause of any such action shall have accrued." (emphasis added)

Plaintiff's claim accrued on the date that he was arrested and charges were filed against him. Singleton, 411 F. App'x at 472; Alexander, 367 F. App'x at 290-91.

In this case, Plaintiff was arrested and charges were filed against him on March 21, 2009.[5] As outlined above, Plaintiff's claim therefore accrued on the date he was arrested and charged, that is, March 21, 2009. The relevant New Jersey statute of limitations provides for a two-year time period within which to bring a claim from the date of accrual. Accordingly, in order to prevent his claim from being time barred, Plaintiff must have brought his complaint on or before March 21, 2011. However, Plaintiff submitted his complaint on April 4, 2011, several weeks after the statute of limitations expired and more than two years after the date on which his claim first accrued. As Plaintiff does not allege any circumstances which would counsel equitable tolling, his complaint is untimely and must therefore be dismissed. See Kach v. Hose, 589 F.3d 626, 645 (3d Cir. 2009) (explaining that equitable tolling is only to be used in

---

5. As set forth supra, Plaintiff did not reference the exact date of his alleged false arrest in the body of the complaint. However, as Defendant pointed out in its motion to dismiss [Doc. No. 2], Plaintiff attached a copy of the traffic offense report to the complaint which indicates the date of Plaintiff's arrest as March 21, 2009. As the offense report (1) was attached to the complaint by Plaintiff, and (2) is a matter of public record, the Court may properly consider it in this motion to dismiss without converting the motion into one for summary judgment. See Buck, 452 F.3d at 260; Cain, 442 F. App'x 638.

10

"extraordinary circumstances" and that plaintiff bears the burden of demonstrating such conditions).

### 3. Time Limitations under N.J.S.A. 2C:1-6

Finally, the Court notes that in his opposition to Defendant's motion to dismiss, Plaintiff claims that the applicable statute of limitations can be found at N.J.S.A. 2C:1-6.[6] N.J.S.A. 2C, however, is the New Jersey Code of Criminal Justice. N.J.S.A. 2C:1-6 provides statutes of limitation for the criminal prosecution of certain crimes. Since this is a civil case, N.J.S.A. 2C is inapposite. As set forth supra, the statute of limitations in a Section 1983 false-arrest claim is determined by reference to the state's civil tort law, not its criminal code. See Montgomery, 159 F.3d at 126 n.4. The statute of limitations is defined by N.J.S.A. 2A:12-2(a), and is therefore two years.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's claim is barred

---

6. In particular, Plaintiff asserts the seven-year statute of limitations under N.J.S.A. 2C:1-6(b)(3). The relevant text states: "A prosecution for any offense set forth in N.J.S.A. 2C:27-2 [bribery in official matters], N.J.S.A. 2C:27-4 [repealed], N.J.S.A. 2C:27-6 [repealed], N.J.S.A. 2C:27-7 [repealed], N.J.S.A. 2C:29-4 [compounding], N.J.S.A. 2C:30-2 [official misconduct], N.J.S.A. 2C:30-3 [speculating or wagering on official action], or any attempt or conspiracy to commit such an offense, must be commenced within seven years after the commission of the offense[.]" For the reasons set forth above, N.J.S.A. 2C:1-6(b)(3) is not the relevant statute of limitations for Plaintiff's claim of false arrest.

11

by the statute of limitations.  Accordingly, Defendant's motion [Doc. No. 2] to dismiss is granted and Plaintiff's complaint is dismissed with prejudice.  In light of the granting of Plaintiff's motion and the dismissal of Plaintiff's complaint as time-barred, Plaintiff's motion [Doc. No. 6] for summary judgment is dismissed as moot.  An order consistent with this Opinion will be entered.


Date:   March 2, 2012             /s/ Noel L. Hillman
At Camden, New Jersey             Hon. Noel L. Hillman, U.S.D.J.